# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH D. LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-03057-JMS-MJD ) |
| SCOTT MELLINGER, MADISON COUNTY INDIANA, | ) ) ) ) |
| Defendants. | ) |

**Entry on Motion to Dismiss, Other Pending Motions, and Directing Further Proceedings**

The plaintiff brought this action pursuant to 42 U.S.C. § 1983 against defendants Scott Mellinger, the Sheriff of Madison County, and the Madison County Commissioners, asserting that they violated several of his constitutional rights while he was incarcerated in Madison County Jail. The defendants move to dismiss all but one of the plaintiff's claims pursuant to Rule 12(b)(6). For the reasons explained, the defendants' motion to dismiss, dkt. [16], is **granted**.

## I.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree

that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.

The plaintiff asserts several constitutional claims against each defendant. Against the Madison County Commissioners, he alleges that they have a policy of holding inmates for longer than forty-eight hours without establishing probable cause, that they have a policy of preventing inmates from providing other inmates legal assistance, and that they do not permit sufficient access to the law library. As to Sheriff Mellinger, the plaintiff alleges the same claim regarding holding inmates for longer than forty-eight hours, and he asserts claims regarding inadequate meals, toothbrushes, and emergency call buttons. The plaintiff seeks compensatory and punitive damages.

The Court begins with the plaintiff's claims against the Madison County Commissioners. The defendants argue that these claims must be dismissed because the Sheriff, not the County Commissioners, has authority over administering the incarceration of jail inmates. The plaintiff does not respond to this argument.

The defendants are correct. The county, and thus its commissioners, have a duty to "maintain" the county jails, which requires them "to keep the jail open for use and in good repair." *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356 (Ind. Ct. App. 1994). The Sheriff, on the other hand, is responsible for "administering the manner of an inmate's incarceration." *Id.*; *see* Ind. Code § 36-2-16-5(a) ("The Sheriff shall . . . (7) take care of the county jail and the prisoners there . . . ."); *cf. Estate of Drayton v. Nelson*, 53 F.3d 165, 167 (7th Cir. 1994). The Madison County Commissioners are thus not responsible for, and therefore cannot be held liable for, the

plaintiff's treatment while in the Madison County Jail. Accordingly, all of the plaintiff's claims against the Madison County Commissioners are **dismissed**.

The Court turns next to the plaintiff's claims against Sheriff Mellinger. The defendants seek dismissal of all of the plaintiff's claims against Sheriff Mellinger except for the claim regarding the alleged policy or practice of holding inmates longer than forty-eight hours before a probable cause determination. First, the defendants' argue that these claims should be construed as claims against Sheriff Mellinger in his individual capacity, given that the complaint refers to Sheriff Mellinger himself and the fact that the plaintiff seeks punitive damages, rather than injunctive relief. *See Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000). The plaintiff does not dispute this, and thus the Court will treat them as individual capacity claims. Construed as such, the plaintiff fails to allege sufficient facts to show that Sheriff Mellinger was personally involved in the alleged constitutional violations, as there are no specific allegations regarding Sheriff Mellinger's involvement in the underlying conduct. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see also Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). Therefore, the plaintiff's claims regarding deficient food, toothbrushes, and emergency buttons in the Madison County Jail are **dismissed**.

The Court notes, however, that in the plaintiff's response brief he appears to assert that he was also stating claims against Sheriff Mellinger (not just the County Commissioners) regarding the failure to permit inmates to assist other inmates with legal work and the overall deficient access to the law library. To the extent this is true, any such claims against Sheriff Mellinger must also be **dismissed**. At best, the plaintiff is attempting to assert an access to the courts claim. But the right to access the courts requires allegations "that as a result of the prison's action *the plaintiff*

had lost a case or suffered some other legal setback." *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006) (emphasis added). Thus the right to access the courts is an individual right—which requires an allegations that the plaintiff himself suffered a legal setback—not a claim that can be asserted based on another inmate's alleged denial of access to the courts.

As to the plaintiff's allegations that his access to the law library was insufficient, the right of access to the courts is "not an abstract freestanding right to a law library or legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (citations and quotation marks omitted). Thus his allegations regarding law library access also fail to state a viable First Amendment claim.

### III.

For the reasons explained, the defendants' motion to dismiss, dkt. [16], is **granted**. The plaintiff's claim against Sheriff Mellinger regarding the alleged policy of holding inmates longer than forty-eight hours with a probable cause determination **shall proceed** in this action. If the Court misconstrued or left unaddressed any claims in the plaintiff's Complaint, he shall have **through May 29, 2017**, in which to notify the Court. If this date passes without such a notification, the Court will issue a scheduling order directing how this action shall proceed.

The plaintiff's motion to set a trial, dkt. [20], is **denied**. This action will proceed as set forth in the preceding paragraph.

The plaintiff's motion opposing an extension of time, dkt. [24], is **denied as moot** because the Court already granted the defendants' motion for an extension of time.

The clerk is **directed** to update to the docket to reflect that Madison County is no longer a defendant in this action. No partial final judgment shall issue at this time.

**IT IS SO ORDERED**.

Date: 5/16/2017

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOSEPH D. LEWIS
1465 Hunters Glen Dr.
Zionsville, IN 46077

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

John Vincent Maurovich
COOTS, HENKE & WHEELER
jmaurovich@chwlaw.com