UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOSEPH D. LEWIS, )
)
        Plaintiff, )
)
    v. ) Case No. 1:16-cv-03057-JMS-MJD
)
SCOTT MELLINGER, )
)
        Defendant. )

**Entry Granting Motion for Summary Judgment and Directing Entry of Final Judgment**

Plaintiff Joseph Lewis brought this action pursuant to 42 U.S.C. § 1983 against multiple defendants, alleging that they violated his constitutional rights while he was incarcerated at the Madison County Jail. The defendants moved to dismiss several of Mr. Lewis's claims pursuant to Rule 12(b)(6), and the Court granted their motion. What remains in this action is Mr. Lewis's claim against defendant Madison County Sheriff Scott Mellinger in his official capacity. Mr. Lewis contends that Sheriff Mellinger maintains an unconstitutional policy or practice of detaining inmates in the Madison County Jail longer than forty-eight hours without a probable cause determination. Sheriff Mellinger moves for summary judgment on that claim. Mr. Lewis has not responded, and the time to do so has long passed. For the reasons explained, Sheriff Mellinger's motion for summary judgment is **granted**. Filing No. 40.

## I.
## Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II.
## Background

As noted, Mr. Lewis failed to respond to Sheriff Mellinger's motion for summary judgment, and the deadline to do so has long passed. The consequence is that Mr. Lewis has conceded Sheriff Mellinger's version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts, unopposed by Mr. Lewis and supported by admissible evidence, are accepted as true. Mr. Lewis was arrested by Elwood police officers on two occasions relevant to his claim. First, Mr. Lewis was arrested on September 12, 2015 at 9:22 p.m. and charged with four offenses. *See* Filing No. 40-1 at 1. Less than twenty-four hours later, a Madison County Magistrate Judge determined that probable cause existed for Mr. Lewis's arrest. *See* Filing No. 40-1 at 3.

Second, Mr. Lewis was arrested by Elwood police officers on February 29, 2016 at 11:30 p.m. and again charged with four offenses. *See* Filing No. 40-2 at 1. Less than forty-eight hours

later, a Madison County Magistrate Judge determined that probable cause existed for Mr. Lewis's arrest. *See* Filing No. 40-2 at 3.

### III.
### Discussion

Mr. Lewis's sole claim is that Sheriff Mellinger maintains an unconstitutional policy or practice of not providing inmates at the Madison County Jail a prompt probable cause determination. "[T]he Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite for detention." *Gerstein v. Pugh*, 420 U.S. 103 (1975). "Probable cause determinations made within 48 hours of arrest are presumptively prompt." *Matz v. Klotka*, 769 F.3d 517, 527 (7th Cir. 2014) (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)).

The undisputed facts set forth above demonstrate that Mr. Lewis received a presumptively prompt probable cause determination following his arrests on September 12, 2015, and February 29, 2016, in that both occurred less than forty-eight hours after his arrest. Mr. Lewis cannot therefore established that his Fourth Amendment rights were violated.

If Mr. Lewis cannot establish a constitutional violation, he cannot establish a policy or practice claim against Sheriff Mellinger in his official capacity. A suit against Sheriff Mellinger in his official capacity is treated like a suit against a municipality under *Monell v. Department of Social Service of City of New York*, 436 U.S. 658, 690 (1978). *See, e.g.*, *Hahn v. Walsh*, 762 F.3d 617, 636 (7th Cir. 2014). "To establish municipal liability and prevail on his *Monell* claim, . . . [the plaintiff] must establish (1) that *he* suffered a constitutional injury, and (2) that the [Sheriff] authorized or maintained a custom of approving the unconstitutional conduct." *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014). Mr. Lewis cannot establish the first element—namely, that he suffered a constitutional injury—because, as noted above, his probable cause determinations were made within forty-eight hours of his arrest and thus complied with the Fourth

Amendment. *See Matz*, 769 F.3d at 527. "[I]f no constitutional violation occurred in the first place, a *Monell* claim cannot be supported." *Petty*, 754 F.3d at 424. Because the first element is lacking, the Court need not discuss Sheriff Mellinger's policy or practice regarding probable cause determinations.

For these reasons, Mr. Lewis has failed to establish that a reasonable jury could find in his favor on his policy or practice claim against Sheriff Mellinger. Sheriff Mellinger's motion for summary judgment is thus **granted.** Filing No. [40] Final Judgment in accordance with this decision shall now issue.

**IT IS SO ORDERED.**

Date: 11/15/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOSEPH D. LEWIS
119 Jackson Street
Anderson, IN 46016

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

John Vincent Maurovich
COOTS, HENKE & WHEELER
jmaurovich@chwlaw.com